OPINION
Plaintiff-appellant, Marsha J. Hieber, appeals a judgment entry of the Greene County Court of Common Pleas, Domestic Relations Division, dividing funds held by the Greene County Clerk of Courts and ordering disbursement., Appellant and defendant-appellee, Raymond C. Hieber, were divorced on July 6, 1995. Both parties appealed. A seemingly exhaustive appellate opinion issued which addressed all aspects of the property division. See Hieber v. Hieber (Mar. 28, 1997), Greene App. Nos. 98 CA 59 and 96 CA 30, unreported. Nevertheless, upon remand, the litigation continued, eventually resulting in a second appeal.
This court, "in the spirit of optimism," sought to finally bring the matter to an end with its March 12, 1999 decision. See _Hieber v.Hieber (Mar. 12, 1999), 1999 WL 2945468, at *1, Greene App. No. 98CA45, unreported ("Hieber II"). This court affirmed the trial court's award of $241,535.25 to appellant as her share of appellee's Public Employees Retirement System ("PERS") pension, with interest, and ordered appellee to name appellant the sole option E beneficiary under the pension until the entire award was paid. Appellee was ordered to pay appellant 39.5 percent of his monthly gross PERS benefit until appellant's share of the PERS pension was paid. This court also remanded the matter, ordering the trial court (1) to award appellant's share of the reimbursed funeral expenses in the amount of $2,925.37, and (2) to enter judgment to correct an error in the calculation of the offset of the parties' social security benefits.
This court's optimism was apparently misplaced, however. Before the trial court had acted on the remand, the parties filed numerous motions with the trial court. Appellant argued that she was still owed money and requested that appellee be held in contempt for failure to comply with the court's orders, while appellee contended that appellant had been overpaid, and that he was due a refund. As a result of the remand and the parties' multiple filings, the trial court appointed Ronald Russell, a CPA, to prepare an accounting. Russell prepared a one-page summary which was provided to the court and to each party's counsel one day before the hearing on appellant's motion for contempt. Neither party called Russell to testify at the hearing.
At the September 20, 1999 hearing, both parties informed the trial court that the accounting appeared to be incomplete, as the accountant had not contacted either of them, but had instead relied on information contained in the court's case file. The hearing apparently did not take place once the court was apprised of the parties' dissatisfaction with the report. Nevertheless, on November 3, 1999, the trial court issued a decision which adopted the recommendation contained in Russell's report. The trial court ordered that, after payment of Russell's fee, $2,459.59 be disbursed to appellant, and the remaining funds, $24,713.35 be disbursed to appellee. The trial court then set a portion of appellant's contempt motion for hearing. Appellant appeals, raising five assignments of error.
Assignment of Error No. 1:
 The trial court erred in its November 3, 1999 Judgment Entry when it failed to provide the parties the opportunity to review and respond to the court-appointed expert's accounting.
 In her first assignment of error, appellant contends that the trial court erred by utilizing Russell's summary without allowing the parties the opportunity to cross-examine Russell with regard to the report.
R.C. 2317.39 states, in pertinent part:
 Whenever an investigation into the facts of any case, civil or criminal, pending at the time of such investigation in any court, is made, conducted, or participated in, directly or indirectly, by any court or any department thereof, through public employees, paid private investigators, * * * or any other persons, and a report of such investigation is prepared for submission to the court, the contents of such report shall not be considered by any judge * * * unless the full contents have been made readily available and accessible to all parties to the case or their counsel.
Thus, a trial court does not err in considering a report, in the absence of sworn testimony, when prepared pursuant to the trial court's order. Miller v. Miller (1996), 115 Ohio App.3d 336, 341., Appellant contends that the report should not be relied on unless the court calls the preparer as a witness. Appellant contends that reliance on the report without Russell's testimony denied her the opportunity to cross-examine the preparer. Although Civ.R. 75(D) mandates that the investigator be available for cross-examination by either party, the rule does not require that the court call the investigator as a witness. It is enough that the investigator be available for cross-examination.
In the present case, appellant had the opportunity to call Russell as a witness to challenge the findings in his report. Appellant, however, chose not to do so. Accordingly, in this respect we cannot say that the trial court's reliance on the report without the testimony of the preparer prejudiced appellant's rights.
However, the court is authorized to utilize such reports only when the contents of the reports are made available to the parties and used by the court in accordance with R.C. 2317.39. Id. R.C. 2317.39 requires that the court provide the parties with notice of a report's completion "at least five days prior to the time the contents of any report are to be considered by any judge of the court wherein the case is pending." In the present case, the report was released to the parties only one day prior to the hearing at which the court was to consider the report. Accordingly, the report was improperly considered by the trial court and should not have provided the basis for its decision.
We further note that the report submitted to the trial court by Russell is grossly inadequate given the complexity of the present case. Russell's report fails to fully address the exchange of money and property between the parties. It is simplistic in its approach, and provides little assistance in determining the parties' compliance with the trial court's division of property. Any reliance on the report by the trial court would be unreasonable. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Although the decision to appoint a CPA to conduct an accounting was quite logical in the present case, the report must be utilized by the court in accordance with R.C. 2317.39, and the report must be thorough enough to enable the trial court to accurately determine whether either party owes money to the other. Appellant's first assignment of error is sustained and the decision of the trial court is vacated.
Assignment of Error No. 2:
 The trial court erred in its November 3, 1999 Judgment Entry when it failed to enter judgment against the Defendant/Appellee for the $1,503.86 Social Security offset as ordered by this Court in its March 9, 1999 opinion.
 In Hieber II, we found that the trial court miscalculated the appellant's marital share of the parties' social security benefits, and that appellant was entitled to $1,503.86 more than was reflected in paragraph four of the trial court's February 10, 1998 order. Hieber v. Hieber (Mar. 12, 1999), 1999 WL 294568, unreported, at *3. We remanded the matter, ordering that the trial court enter judgment to correct this error. However, in its entry on remand, the trial court failed to follow this instruction. Accordingly, the second assignment of error is sustained.
Assignment of Error No. 3:
 The trial court erred in its determination in the November 3, 1999 Judgment Entry that "all that is owed to the Plaintiff" is $2,925.37.
 In its entry on remand, the trial court states that it took "judicial notice that the Court of Appeals stated in its last Decision that all that is owed to the Plaintiff is Two Thousand Nine Hundred Twenty-five Dollars and Thirty-seven Cents." Contrary to the trial court's statement, this court made no finding regarding the total amount appellant is presently owed. This court did enter judgment in the amount of $2,925.37 in appellant's favor. However, this award was in response to a specific assignment of error, and did not implicitly or explicitly indicate the total sum appellant is due under the property division. Accordingly, the third assignment of error is sustained.
Assignment of Error No. 4:
 The trial court erred in releasing the funds held by the clerk, as these funds should have been utilized to pay the Appellant the money owed from the division of property, which was never appealed.
 The fourth assignment of error is sustained insofar as it relates to the release of funds but overruled insofar as it relates to the proper recipient of the funds. The trial court's order disbursing the funds is vacated. Accordingly, within thirty days of the journalization of this decision, appellee shall restore $24,713.35 to the escrow account. This amount represents the balance in the account after deducting the fee paid Russell and the amount due appellant for the reimbursement of funeral expenses. Appellant shall retain the $2,459.59 disbursed to her in full satisfaction of her claim for the reimbursement of funeral expenses previously awarded to appellant by this court. The funds deposited by appellee shall be held by the clerk until the trial court determines whether appellant is due money from appellee.
Assignment of Error No. 5:
 The trial court erred in refusing to consider the contempt motions related to the PERS beneficiary, PERS arrearage and Social Security offset.
On July 26, 1999, appellant filed a "multi-branch" contempt motion, alleging that appellee failed to reimburse her for one half of the funeral expenses, failed to comply with this court's order regarding the social security offset, failed to name appellant the sole beneficiary of his PERS pension, failed to pay her 39.5 percent of his gross PERS benefit, and failed to pay "other amounts" due her. In its November 3, 1999 judgment entry, the trial court set for hearing one branch of the contempt motion, apparently determining that the other branches were rendered moot by its decision on the disbursement of the funds held by the clerk. The fifth assignment of error is therefore sustained as follows: Upon remand, the trial court shall determine which of the branches of the contempt motion require hearing after it first determines whether appellant is owed money from appellee., Appellant lastly requests that this court sanction appellee for his frivolous conduct. The statements made by appellant in support of her request are conclusory and unsupported. Appellant has not presented evidence that appellee's conduct in this matter has served merely to frivolously delay the resolution of this matter. Rather, it appears that both parties are equally resolved to perpetuate the litigation of their divorce. Accordingly, we find appellant's request to be without merit.
Based on the resolution of the foregoing assignments of error, the judgment entry of the trial court is vacated. This matter is remanded to the trial court for proceedings consistent with this decision and the decision in Hieber II. The trial court may elect to appoint an accountant to aid in making its decision, but must follow the mandates of R.C. 2317.39 if it chooses to do so. If the parties wish to examine the accountant, they must call the accountant as a witness. Appellee shall restore $24,713.35 to the escrow account within thirty days of the journalization of this decision.
POWELL, P.J., and YOUNG, J., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, vacated. Within thirty days of the journalization of this decision, appellee shall restore $24,713.35 to the escrow account. This matter is remanded to the trial court for proceedings consistent with this decision and the decision in _Hieber v. Hieber (Mar. 12, 1999), 1999 WL 2945468, Greene App. No. 98CA45, unreported.
It is further ordered that a mandate be sent to the Greene County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed to appellee.
___________________________________
Stephen W. Powell, Presiding Judge
___________________________________
William W. Young, Judge
___________________________________
James E. Walsh, Judge